IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TIM W. HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-3347-KHV |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.  Introduction and Background

This matter comes before the court on the motion of the *pro se* plaintiff, Tim W. Hines, to amend his complaint against the defendants, Corrections Corporation of America (CCA), and various CCA employees, namely, Fred Lawrence, Andre Ford, Jay Faskett, (fnu) Parker, R. Chmidling, and "Jane Doe" (**doc. 26**).  Defendants have responded (doc. 40).  Plaintiff has failed to file a reply, and the time for doing so has passed.[1]

The court has reviewed plaintiff's motion and his supporting memorandum (doc. 27), as well as defendants' response.  The undersigned magistrate judge's ruling on plaintiff's motion to add claims ultimately may be regarded as dispositive of those claims, in that the

---

[1]   Defendants filed their response to plaintiff's motion on December 23, 2004.  On February 10, 2005, plaintiff filed a motion for sanctions (doc. 43) under Fed. R. Civ. P. 11, contesting defendants' response to the instant motion.  However, plaintiff has not contended, nor does the court construe, that the motion for sanctions is intended to be plaintiff's reply in support of his motion to amend.  Plaintiff's separate Rule 11 motion will be considered by the court in due course.

O:\ORDERS\02-3347-KHV-26R&R.wpd

practical effect of denying plaintiff's motion will be denial of plaintiff's ability to assert various claims.[2]   Therefore, in an abundance of caution, the undersigned treats this seemingly procedural, non-dispositive motion as dispositive, and sets forth the following proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B), for consideration by the Hon. Kathryn H. Vratil, U.S. District Judge.   As set forth more fully below, the undersigned recommends that plaintiff's motion to amend be denied by Judge Vratil.

This case was filed by plaintiff on October 15, 2002.   Ten months later, on August 7, 2003, the court denied plaintiff's motion for appointment of counsel, but directed plaintiff to proceed with service of process on defendants (*see* doc. 3).   On September 30, 2003, defendants filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P 12(b)(6), and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) (doc. 10).   Nearly one year later, on September 8, 2004, which notably was before any ruling by the court on defendants' motion to dismiss,   plaintiff filed the instant motion seeking leave to amend his complaint to allege federal question jurisdiction, diversity jurisdiction, and add claims under the Americans with Disabilities Act ("ADA") and Kansas tort law.   On September 24, 2004, Judge Vratil sustained defendants' motion to dismiss plaintiff's original complaint (doc. 32). In light of the order of dismissal, the undersigned magistrate judge denied the instant motion and other motions filed by plaintiff as moot (doc. 33).   This case was terminated and judgment entered on September 23, 2004 (doc. 34).

---

[2] *See Bridges v. Metropolitan Life Ins. Co.*, No. 02-2402, 2003 WL 1905987, at *2 (D. Kan. Mar. 24, 2003).

On October 4, 2004, along with a motion to alter or amend the judgment (doc. 35), plaintiff filed an objection to the order denying his motion to amend (doc. 36).   On December 13, 2004, Judge Vratil sustained in part plaintiff's objection and vacated the earlier-entered judgment (doc. 39).   By way of that order, Judge Vratil directed the undersigned to consider the merits of plaintiff's motion to amend.   That is, because plaintiff's proposed amended complaint alleged additional grounds for jurisdiction, Judge Vratil's order granting dismissal on jurisdictional grounds did not render plaintiff's motion to amend moot.

## II.  Rule 15(a) Standards

Fed. R. Civ. P. 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . .. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Although Rule 15(a) requires that leave to amend "be freely given when justice so requires," whether leave should be granted is within the trial court's discretion.[3]   The factors considered by the court in determining whether to allow amendment of a pleading are undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party or futility of amendment.[4]   Defendants object to the proposed amended complaint as untimely, prejudicial, and futile.

---

[3] *Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)).

[4] *Foman v. Davis*, 371 U.S. 178 (1962); *Castleglen*, 984 F.2d at 1585.

### III.  Timeliness and Prejudice

Defendants argue that plaintiff's motion should be denied because it is untimely and because granting the motion would prejudice them.   Although defendants devoted little time to arguing these points in their response, it is the court's understanding that defendants question plaintiff's failure to file his proposed amended complaint – which, notably, sets forth no new facts of which plaintiff was not aware when he filed his initial complaint – until twenty-three months after filing his original complaint.   Defendants also argue that allowing plaintiff to file his amended complaint would unduly prejudice them, especially when each of the legal theories raised for the first time in the amended complaint could have been raised in the original complaint.

Defendants' argument that the instant motion is untimely is not well-taken.   It is true that plaintiff's case was filed twenty-three months prior to his motion to amend, but that does not appear to have been through any fault of plaintiff.   This case was not assigned to Judge Vratil until July 2004, and until that time no action had been taken on defendants' motion to dismiss (doc. 10).   In fact, at the time Judge Vratil entered her order dismissing plaintiff's claims (doc. 32), the undersigned had not yet held the initial scheduling conference in this case.   Therefore, plaintiff filed his motion to amend the complaint even before the court had set a deadline for the filing of such motions.  Plaintiff's motion to amend clearly is timely.

The court also concludes that defendants would not be unduly prejudiced if plaintiff's motion were granted.   As set forth above, a scheduling order had not yet been entered when plaintiff's claims were dismissed.   The parties had not yet participated in discovery.   Therefore,

conducting discovery on plaintiff's amended claims would not prejudice defendants. Moreover, discovery on plaintiff's new claims would not unnecessarily delay these proceedings, as discovery has not yet begun.

### IV. Futility

A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss, or if it otherwise fails to state a claim.  In order to determine whether the proposed amendment is futile, the court must analyze plaintiff's proposed amendments as if they were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[5]

Plaintiff has asserted that this court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1367.[6]   Section 1331 relates to federal question jurisdiction, and 1332 to diversity jurisdiction.  Only if one of these two statutes is satisfied may the court consider exercising supplemental jurisdiction over plaintiff's state law claims under section 1367.

A.  Diversity Jurisdiction

"[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."[7]   Generally, a plaintiff asserting diversity jurisdiction "must specifically allege the citizenship of each

---

[5] *Bridges v. Metro. Life Ins. Co.*, 2003 WL 1905987, at *1.

[6] Doc. 26 at 1.

[7] *Depex Reina 9 Partnership v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).

defendant."[8]   For purposes of diversity jurisdiction, "one is a citizen of the state in which he is domiciled."[9]   Plaintiff has merely alleged that he is a citizen of Missouri, that the corporate defendant is a citizen of Kansas and Tennessee, and that the other named defendants are all *employed* in Kansas.   A statement of the place of defendants' employment does not equate to an allegation of citizenship.   Therefore, since plaintiff has failed to plead the citizenship of each defendant, he has not met his burden to demonstrate complete diversity of citizenship. Plaintiff's claim of diversity jurisdiction fails.

B.  Federal Question Jurisdiction

In the absence of diversity jurisdiction, it is essential that a substantial federal question be presented to bring a case in federal court.[10]   A plaintiff creates federal question jurisdiction "by means of a well-pleaded complaint" which establishes "either that federal law creates the cause of action or that plaintiff's right to relief depends on resolution of a substantial question of federal law."[11]   Plaintiff has invoked federal question jurisdiction under 42 U.S.C. § 1983 ("Civil Action for Deprivation of Rights"), 42 U.S.C. § 12188 ("Enforcement Procedures for

---

[8] *Thurston v. Page*, 920 F. Supp. 152, 154 (D. Kan. 1996) (citations omitted).

[9] *Marcotte v. State Farm Fire & Cas. Co.*, 4 F. Supp. 2d 1280, 1281 (D. Kan. 1998) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir.1983)).

[10] *See Tullous v. Home Depot, USA, Inc.*, No. 99-1400, 2000 WL 1920037, at *1 (D. Kan. Nov. 29, 2000).

[11] *Peoples v. CCA Detention Ctr.*, No. 03-1660, 2004 WL 74317, at *2 (D. Kan. Jan. 15, 2004) (citing *Sac & Fox Nation of Okla. v. Cuomo,* 193 F.3d 1162, 1165-66 (10th Cir. 1999)).

ADA claims"), and *Bivens v. Six Unknown Fed. Narcotics Agents.*[12]   Although not listed in his jurisdictional allegations, plaintiff also has asserted a claim under 42 U.S.C. § 1985 ("Conspiracy to Interfere with Civil Rights").

      1.     Plaintiff's Section 1983 and *Bivens* Claims

Plaintiff originally asserted his section 1983 claim in his initial complaint as his sole cause of action.[13]   Because plaintiff did not state any facts to support his claim that defendants acted under color of state law, the court construed the action as one arising under *Bivens*, and found that, under *Correctional Servs. Corp. v. Malesko,*[14] and *Peoples v. CCA Detention Center,*[15] plaintiff could not assert a *Bivens* action against a private corporation or its employees.   Furthermore, in ruling on plaintiff's motion to alter or amend the judgment, the court expressly declined to reconsider its dismissal of the *Bivens* claim.[16]   Plaintiff has not amended his complaint to add any facts that would support a finding that defendants were acting under color of state law, and therefore his section 1983 claim must still be construed as a *Bivens* claim.   Since Judge Vratil already has ruled that plaintiff cannot assert a *Bivens* claim against the defendants, under the law of the case, plaintiff cannot reassert this identical claim. Therefore, this claim does not give rise to federal question jurisdiction.

---

[12] Doc. 26 at 1.

[13] Doc. 1 at 2.

[14] 534 U.S. 61 (2001).

[15] No. 03-3129, 2004 WL 74317, at *7 (D. Kan. Jan. 15, 2004).

[16] Doc. 39 at 3.

2.      Plaintiff's Section 1985 Claims

Plaintiff alleges that he was the victim of a conspiracy to interfere with his civil rights, in violation of 42 U.S.C. § 1985(3).   In order to state a cause of action under section 1985, plaintiff must allege "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[17]   Section 1985 does not apply to "all tortious, conspiratorial interferences with the rights of others," but rather, "only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"[18]   Plaintiff has not alleged that he was a victim of a conspiracy to deprive him of his constitutional rights based on his membership in a protected class.   Rather, he merely alleges that the defendants "confederated together and acted in concert with one another to . . . deprive the plaintiff of equal protection of the Constitution and laws of the United States."[19]   Plaintiff's proposed amended complaint fails to state a cause of action under 42 U.S.C. § 1985.   Moreover, even if the court were to construe   plaintiff's complaint as alleging that defendants conspired against him because of his disability, the Tenth Circuit previously has held that the disabled are not a protected class under section 1985.[20]

---

[17] *Busey v. Bd. of County Comm'rs of Shawnee*, 277 F. Supp.2d 1095, 1112 (D. Kan. 2003).

[18] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971)).

[19] Doc. 26 at 27-28.

[20] *Willheim v. Cont'l Title Co.*, 720 F.2d 1173, 1176 (10th Cir. 1983).

3.      Plaintiff's ADA Claims

Plaintiff alleges violations of two provisions of the ADA, specifically 42 U.S.C. §§ 12182 ("Prohibition of Discrimination by Public Accommodations") and 12203 ("Prohibition Against Retaliation and Coercion").

Section 12182 clearly does not apply because defendants are  not a "public accommodation" as defined under the ADA.[21]   Section 12181 provides an extensive list of private entities that may be considered public accommodations if "the operations of such entities affect commerce."   Plaintiff cites no authority to support his conclusory assertions that any of the defendants are a public accommodation engaged in commerce.[22]   Although the Supreme Court has held that *state* prisons are subject to the ADA under 42 U.S.C. § 12131(1)(B) as a "public entity,"[23] plaintiff has not argued that any of the defendants fall within this category.   On the contrary, plaintiff asserts that CCA is a "private entity."[24]   However, even if plaintiff had alleged that any or all of the defendants were public entities, his amended complaint still would fail to state a claim under this statute; the ADA is not violated "by a prison's simply failing to attend to the medical needs of its disabled prisoners."[25]

––––––––––––––––––––

[21] *See* 42 U.S.C. § 12181 (1995).

[22] Doc. 26 at 2.

[23] *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998).

[24] Doc. 26 at 2.

[25] *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996).

Plaintiff next seeks relief under 42 U.S.C. § 12203. This statute deals with retaliation against an individual for "oppos[ing] any act or practice made unlawful" by the ADA. To invoke this section, plaintiff must establish that he voiced opposition to an act made unlawful under the ADA before he can claim he has been the victim of retaliation. Plaintiff has not alleged that he engaged in protected activity and that the alleged actions of defendants were in retaliation for that protected activity. Plaintiff does not state a viable claim under this statute.

Plaintiff fails to state any cause of action under the ADA. Title I of the ADA applies solely to employment claims.[26] Plaintiff has made no employment claim here, nor could he. Title II of the ADA deals with "public entities."[27] Although this subchapter may apply to state prisons, as mentioned above, plaintiff has asserted that defendant CCA is a "private entity," and defendants agree that CCA is a private corporation. This accords with both the ADA's definition of private and public entities,[28] and with a Sixth Circuit ruling that specifically noted that CCA was a "private entity."[29] Moreover, individual defendants cannot be public entities for purposes of Title II.[30]

---

[26] *See* 42 U.S.C. § 12111 (1995).

[27] *See id.* § 12131, 12132.

[28] *Id.* §§ 12131(1), 12181(6).

[29] *Green v. Corrections Corp. of Am.*, No. 98-6573, 1999 WL 1045087, at *1 (6th Cir. Nov. 10, 1999).

[30] *Miller v. King*, 384 F.3d 1248, 1264 (11th Cir. 2004) (citing 42 U.S.C. § 12132 (2004)).

Finally, Title III deals with "Public Accommodations and Services Operated by Private Entities."[31]   This statute does not provide a private cause of action for damages.[32]   Moreover, plaintiff's amended complaint does not allege, nor does the court conclude, that a private detention center is a public accommodation, or that plaintiff is a client or customer who has been denied the "enjoyment" of the "goods, services, facilities, privileges, advantages, or accommodations" of a place of public accommodation within the meaning of Title III.[33]

The court concludes that plaintiff has failed to state a cause of action for violations of the ADA.   Therefore, the court lacks subject matter jurisdiction over plaintiff's proposed amended complaint.  Plaintiff's motion to amend should therefore be denied as futile.

## V.  Recommendation

Plaintiff has failed to demonstrate a basis for subject matter jurisdiction on either diversity or federal question grounds.   Plaintiff has failed to state a new cause of action under 42 U.S.C. §§ 1983 or 1985, or under the ADA.   Therefore, the court may not exercise supplemental jurisdiction over plaintiff's state law claims.   The proposed motion to amend is

---

[31] 42 U.S.C. §12181, 12182 (1995).

[32] *Scherer v. Mission Bank*, No. 01-2727, 2001 WL 789283, at *2 (D. Kan. June 29, 2001) (citing *Dahlberg v. Avis Rent A Car Sys., Inc*., 92 F. Supp. 2d 1091, 1100 (D. Colo. 2000)).

[33] *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 678-80 (2001) (defining client or customer requirement); *see also Bauer v. Muscular Dystrophy Ass'n, Inc.*), 268 F. Supp. 2d 1281, 1289-90 (D. Kan. 2003) (citing 42 U.S.C. § 12181(7)) (examining whether a summer camp for children with muscular dystrophy is a place of public accommodation) .

futile and should be denied on that basis.    Therefore, the undersigned magistrate judge recommends that Judge Vratil deny plaintiff's motion to amend **(doc. 26).**

## VI.  Notice

Within ten days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Dated this 16th day of March, 2005, at Kansas City, Kansas.


   s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge