## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TIM W. HINES, | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 02-3347-KHV |
| CORRECTIONS CORPORATION | ) | |
| OF AMERICA, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Tim W. Hines, a prison inmate, brings suit for compensatory and punitive damages against Corrections Corporation of America ("CCA") and certain employees of CCA.  Plaintiff alleges that while he was a federal pretrial detainee in a CCA facility in Leavenworth, Kansas, defendants violated his constitutional rights under the First, Eighth and Fourteenth Amendments.  Plaintiff also makes claims under the Americans With Disability Act ("ADA"), 42 U.S.C. § 12111 et seq., 42 U.S.C. § 1985 and Kansas state law.  This matter comes before the Court on  the Magistrate's Report and Recommendations (Doc. #47) filed March 16, 2005, plaintiff's Objections To The Magistrate's Report And Recommendation (Doc. #50) filed March 31, 2005, plaintiff's Motion For Leave To Amend Complaint (Doc. #52) filed April 19, 2005, and plaintiff's Motion For Leave To Amend Plaintiff's Motion For Leave To Amend (Doc. #59) filed May 5, 2005.  For reasons stated below, the Court finds that plaintiff's motions should be overruled.

### Rule 15(a) Standards

Fed. R. Civ. P. 15(a) provides that a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave

of court or written consent of the adverse party, and leave shall be freely given when justice so requires. Although Rule 15(a) requires that leave to amend "be freely given when justice so requires," whether leave should be granted is within the trial court's discretion.  See Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).  In this regard, the Court considers undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party or futility of amendment.  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

## Procedural History

On September 21, 2004, the Court sustained defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction.  See Memorandum And Order (Doc. #32).  That same day, Magistrate Judge James P. O'Hara overruled as moot plaintiff's pending motion for leave to file an amended complaint (Doc. #26), as well as plaintiff's motions to compel service (Doc. #28) and proceed in forma pauperis (Doc. #30).  The Court entered judgment in favor of defendants on September 23, 2004. See Doc. #34.  Plaintiff then filed objections to Judge O'Hara's order of September 21, 2004, asserting that Judge O'Hara should have considered the merits of the  motion for leave to file an amended complaint. The Court agreed, reasoning as follows:

> In ruling on defendants' motion to dismiss, the Court found that it lacked subject matter jurisdiction over plaintiff's original complaint, which alleged claims solely under 42 U.S.C. § 1983. See Complaint (Doc. #1) filed October 15, 2002 at 2.  Because plaintiff did not state any facts to support his claim that defendants acted under color of state law, the Court construed the action as one arising under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and found that under Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001) and Peoples v. CCA Detention Center, No. 03-3129-KHV, 2004 WL 74317, at *7 (D. Kan. Jan. 15, 2004), plaintiff could not assert a Bivens action against a private corporation or its employees.
>
> In the amended complaint, plaintiff proposes to allege federal question jurisdiction and diversity jurisdiction under 28 U.S.C. § 1332.  See First Amended Complaint attached to Motion For Leave To Amend Complaint (Doc. #26) filed September 8, 2004

at 3.  Plaintiff also asserts additional claims under the Americans With Disability Act ("ADA"), 42 U.S.C. § 12111 et seq., 42 U.S.C. § 1985 and Kansas state law.  See id. Because the proposed amended complaint asserts additional claims and additional grounds for jurisdiction, the Court's ruling on defendants' motion to dismiss did not render plaintiff's motion for leave to amend moot.

I.    **Plaintiff's Objections To Magistrate's Report And Recommendations**

In his motion to amend the complaint, plaintiff seeks to assert jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1367.  Defendants assert that the Court should deny leave to amend as untimely, prejudicial and futile.  Judge O'Hara's report and recommendation concludes that the proposed amendment is futile because it does not asserts grounds for jurisdiction.  Specifically, Judge O'Hara states that the proposed amended complaint does not allege facts which establish diversity jurisdiction, and does not allege federal question jurisdiction because it does not set forth a viable claim under the ADA, Section 1983 or 42 U.S.C. § 1985(3).  Finally, Judge O'Hara concludes that the Court cannot exercise supplemental jurisdiction over plaintiff's state law claims because the Court does not otherwise have federal jurisdiction.

Plaintiff objects to the report and recommendation on several grounds.  First, plaintiff asserts that he did not receive the report and recommendation until March 28, 2005, and therefore did not timely respond.  Judge O'Hara considered plaintiff's response and amended response as timely, however, so this objection fails.

Second, plaintiff notes that Judge O'Hara stated that plaintiff did not file a reply to defendants' response.  Plaintiff asserts that he is not in default because no reply was required.  Judge O'Hara did not suggest that plaintiff defaulted or conceded any issues, however, so this objection also lacks merit.

Third, plaintiff objects to Judge O'Hara's citation of Bridges v. Metro Life Ins., No. 02-2402, 2003 WL 1905987 (D. Kan. March 24, 2003), because it is not a pro se prisoner case.  Judge O'Hara cited

Bridges for the proposition that an order denying plaintiff's motion to amend would dispose of the case. Such treatment was not error.

Fourth, plaintiff objects to Judge O'Hara's finding that Section 1983 does not provide jurisdiction because plaintiff has not alleged that defendants are state actors. Plaintiff asserts that the Court should infer that he sufficiently alleged action under color of state law because defendants and the Court are aware of the "under color of state law" requirement for Section 1983 claims. Plaintiff claims that he simply forgot to add this language, and that the Court should give him leave to file a proposed second amended complaint to add an allegation that CCA is incorporated under state law. Such an allegation, however, would still not meet the state actor requirement. See Gallagher v. "Neil Young Freedom Concert", 49 F.3d 1442, 1447 (10th Cir. 1995) (only proper defendants in Section 1983 claim are those who represent state in some capacity).

Alternatively, plaintiff asserts that the amended complaint sets forth a viable Bivens claim. The report and recommendation found that because this Court "has already ruled that plaintiff cannot assert a Bivens claim against the defendants, under the law of the case, plaintiff cannot reassert this identical claim." Judge O'Hara therefore concluded that the proposed amendment could not give rise to federal question jurisdiction. The proposed amended complaint does not allege any new facts as to the Bivens claim, and it does not assert a viable Bivens claim.

Fifth, plaintiff asserts that Judge O'Hara erred in relying upon Willheim v. Cont'l Title Co., 720 F.2d 1173, 1176 (10th Cir. 1983), for the conclusion that the disabled are not a protected class under Section 1985. Judge O'Hara correctly relied upon Willheim for the proposition that under Tenth Circuit law, disabled persons are not a protected class under 42 U.S.C. § 1985(3). Plaintiff's objection is without

merit.

Sixth, plaintiff objects to Judge O'Hara's conclusion that plaintiff's ADA claims are futile. Judge O'Hara noted that plaintiff alleges violations of two provisions of the ADA, specifically 42 U.S.C. §§ 12182 ("Prohibition of Discrimination by Public Accommodations") and 12203 ("Prohibition Against Retaliation and Coercion"). Judge O'Hara found that Section 12182 clearly does not apply because defendants are not a "public accommodation" as defined under the ADA. Section 12181 provides an extensive list of private entities that may be considered public accommodations if "the operations of such entities affect commerce." Magistrate O'Hara noted that although the Supreme Court has held that *state* prisons are subject to the ADA as a "public entity," Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998) plaintiff asserts that CCA is a "private entity." Judge O'Hara further stated that even if plaintiff had alleged that any or all of the defendants were public entities, his amended complaint still would fail to state a claim under this statute because the ADA is not violated "by a prison's simply failing to attend to the medical needs of its disabled prisoners." See Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir 1996).

As for Section 12203, Magistrate O'Hara noted that this statute deals with retaliation against an individual for "oppos[ing] any act or practice made unlawful" by the ADA. To invoke this section, plaintiff must establish that he voiced opposition to an act made unlawful under the ADA before he can claim he has been the victim of retaliation. Magistrate O'Hara noted that plaintiff has not alleged that he engaged in protected activity and that the alleged actions of defendants were in retaliation for that protected activity. The Court finds that Magistrate O'Hara properly concluded that plaintiff's proposed ADA claim is futile.

For these reasons, and for the reasons well stated in Judge O'Hara's report and recommendation, the Court approves and adopts the report and recommendation.

II.     **Motion For Leave To Amend Complaint (Doc. #52) and Motion For Leave To Amend Plaintiff's Motion For Leave To Amend (Doc. #59)**

After Judge O'Hara filed his report and recommendation, plaintiff filed a new motion to amend the complaint.  Defendants assert that the proposed amended complaint does not cure the deficiencies of his previous complaints.  The Court agrees that plaintiff has not added facts sufficient to support his previously asserted claims of federal jurisdiction under the ADA, Section 1983 and Bivens.

Plaintiff also seeks to add a new claim that CCA and the U.S. Marshals Service entered a contract for the illegal purpose of depriving federal detainees of their core Fifth Amendment right to due process. See Doc. #52-2 at 42.  Plaintiff notes this Court's ruling that his original complaint alleged a quintessential claim of negligence and that he therefore has an adequate state court alternative to a Bivens action.  He argues, however, that this ruling does not apply to this new claim because it is a constitutional claim.  In Malesko, however, the Supreme Court held that CCA is not a proper defendant in a Bivens action. Plaintiff does not allege any conduct by the individual defendants in his proposed Fifth Amendment claim.  The Court therefore finds that the proposed amendment would be futile.

**IT IS THEREFORE ORDERED** that plaintiff's Objections To The Magistrate's Report And Recommendation (Doc. #50) filed March 31, 2005, plaintiff's Motion For Leave To Amend Complaint

(Doc. #52) filed April 19, 2005 and Plaintiff's Motion For Leave To Amend Plaintiff's Motion For Leave To Amend (Doc. #59) filed May 5, 2005, be and hereby are **OVERRULED**.  The case is **DISMISSED**.

**The Clerk shall enter judgment for defendants.**

      **IT IS FURTHER ORDERED** that Plaintiff's Objection To Magistrate's Order (Doc. #60) filed May 5, 2005 be and hereby is **OVERRULED** as moot.

      Dated this 14th day of June, 2005 at Kansas City, Kansas.

                             s/ Kathryn H. Vratil
                             Kathryn H. Vratil
                             United States District Judge